IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY CANTY, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-15-0064 |
| | : (Judge Caldwell) |
| WARDEN DAVID J. EBBERT, *et al.*, | : |
| Defendants | : |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Anthony Canty, a federal inmate, filed this civil-rights action while housed at USP-Allenwood*,* claiming that prison officials were overcharging his prisoner account for the payment of court fees in violation of 28 U.S.C. § 1915(b)(2). (Doc. 1, Compl.)  Canty is presently housed at USP-Florence (High), in Colorado.  Canty alleges that 28 U.S.C. § 1915(b)(2) caps the monthly deductions prison officials may withdraw from his prison account for the purpose of paying outstanding filing fees to twenty percent of his preceding month's income, regardless of the number of cases he has with outstanding filing-fee debt.  (*Id.*)

Presently pending before the court are several motions.

II.   *Discussion*

   *A.   Canty's Motion for Reconsideration*

   Plaintiff has filed a motion (Doc. 38) for reconsideration of our April 28, 2015, order denying his motion for a temporary restraining order as moot. We denied the temporary restraining order based on Defendants' voluntary agreement to cap the monthly deductions from Canty's inmate prisoner trust fund, for the satisfaction of his filing fee obligations, to twenty percent of his preceding month's income.

   Our order contemplates further proceedings in the case, and thus is not a "final" order. *See Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997) ("[T]here is no final order if claims remain unresolved and their resolution is to occur in the district court."). Accordingly, our order resolving Canty's motion for a temporary restraining order was interlocutory in nature. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011)(nonprecedential)(quoting *Jerry*). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Anthanassious*, 418 F. App'x at 95 (quoted case omitted).

   Here, Canty argues that Defendants failed to abide by their representation that they would voluntarily cease deducting more than twenty percent of his previous month's income toward the satisfaction of unpaid filing fees. He relies on the withdrawal of two filing-fee amounts from his account in March 2015. He also claims these

-2-

withdrawals violate *Siluk v. Merwin*, 783 F.3d 421 (3d Cir. 2015).  In *Siluk*, the Third Circuit held that § 1915(b)(2) "cap[s] the monthly debit for filing fees at 20 percent of a prisoner's monthly income, even where . . . an inmate owes more than one filing fee." *Id.* at 423 (footnote omitted).

We will deny the motion.  As Defendants point out, and Canty does not refute, the challenged deductions occurred *prior* to service of the Complaint and *prior* to Defendants' April 24, 2015, (Doc. 29) response to his motion for a temporary restraining order in which they voluntarily ceased their practice of withdrawing twenty percent of Canty's previously month's income per individual lawsuit.  (*Id.*)  Thus, as Canty has failed to demonstrate that Defendants violated their agreement not to deduct more than twenty percent of his previous month's income for the purpose of collecting his filing fees, there is no reason for us to disturb or alter our earlier ruling denying his request for a temporary restraining order.

As for *Siluk*, on January 12, 2016, the Supreme Court issued a decision in *Bruce v. Samuels*, ___ U.S. ___, 136 S.Ct. 627 (2016), which materially bears on Plaintiff's claim in this case and the continuing validity of *Siluk*.  On January 12, 2016, the court issued an order asking the parties to comment on the impact of *Bruce* on Plaintiff's case.  (Doc. 46).

   *B.   Canty's Motions to File An Amended Complaint*

Plaintiff has filed two motions to file an amended complaint.  (Doc. 39 and 42).  The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Pursuant to Middle District Local Rule 15.1, a proposed amended complaint must accompany a motion requesting leave to amend a complaint. *See* M.D. Pa. Local Rule 15.1.

Canty seeks to amend his complaint to clarify his request for monetary relief and to add and drop individual parties. However, he has not submitted a draft amended complaint in connection with either motion to amend. Technically, Canty may file an amended complaint without seeking leave of court as no answer or other responsive pleading has been filed. However, given the current posture of this case, we will deny Canty's motions (Doc. 39 and 42) to file an amended complaint without prejudice due to his failure to file a draft amended complaint.

> C. *Defendants' Motion to Stay and Plaintiff's Motion for Summary Judgment*

Defendants filed a motion (Doc. 30) to stay pending a Supreme Court decision in *Bruce*. This motion will be denied as moot, given that the Supreme Court in

the meantime decided *Bruce*, *supra*, on January 12, 2016.  Further, we will hold Canty's motion for summary judgment (Doc. 20) in abeyance pending the parties' briefing on *Bruce*.[1]  Thus Defendants need not respond to Canty's motion for summary judgment until directed to do so by the court.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  February 12, 2016

---

[1] The January 12, 2016, order requesting briefing on the impact of *Bruce* was mailed to Canty at his last known address.  (Doc. 46).  The order was returned as undeliverable.  (Doc. 47).  The court determined Canty was housed at USP Florence (High) and remailed the order to Canty.  (Doc. 48).  Canty is advised to alert the court of any future address changes.