IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY CANTY,                    :
                                  :
    Plaintiff                    :
                                  :    CIVIL NO. 1:CV-15-0064
    vs.                          :
                                  :    (Judge Caldwell)
WARDEN DAVID J. EBBERT, *et al.*, :
                                  :
    Defendants                   :

*M E M O R A N D U M*

I.  *Introduction*

In December 2014, the pro se plaintiff, Anthony Canty, currently an inmate at USP-Florence High, Florence, Colorado, filed this action while he was imprisoned in Pennsylvania, claiming that federal prison officials were violating 28 U.S.C. § 1915(b)(2) by withdrawing in excess of twenty percent of his preceding month's income credited to his prisoner account. Deductions were made under section 1915(b)(2) to recoup the filing fees Plaintiff owed on lawsuits he had filed.

Specifically, Plaintiff claimed prison authorities were making multiple monthly withdrawals, each equal to twenty percent of his income, for each case in which he owed a filing fee. As a result, officials often withdrew forty percent of his preceding month's income rather than the twenty percent limit set by § 1915(b)(2).

Presently before the court are Plaintiff's motion for summary judgment (Doc. 20) and Defendants' motion to dismiss (Doc. 52). For the reasons that follow,

Canty's motion for summary judgment will be denied, and the Defendants' motion to dismiss will be granted.

II.   *Standard of Review*

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoted case omitted).

III.   *Discussion*

Canty alleges that prison officials repeatedly deducted forty percent of his preceding month's income for the purpose of paying his outstanding filing fees in violation of 28 U.S.C. § 1915(b)(2). The excessive deductions occurred in February and March of 2014. (Doc. 1, ECF pp. 3-4). As relief, Canty sought a full refund of the funds deducted in excess of the twenty percent authorized by statute.

While this case was pending, the Third Circuit decided *Siluk v. Merwin*, 783 F.3d 421 (3d Cir. 2015). In *Siluk*, the Third Circuit sided with Plaintiff, adopting the "sequential recoupment rule." The rule allowed prison officials to collect "only 20 percent of a prisoner's monthly income for filing fees, regardless of how many civil actions or appeals the prisoner elects to pursue." *Id.* at 436.

Defendants filed a motion to stay the action pending the United States Supreme Court's disposition of *Bruce v. Samuels*, ___ U.S. ___, 136 S.Ct. 627, 193 L.Ed.2d 627 (Jan. 12, 2016), which addressed the same issue. While that motion was pending, the Supreme Court decided *Bruce.* The Court rejected the interpretation favorable to Canty and held that "§ 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees." *Bruce*, ___ U.S. at ___, 136 S.Ct. at 631. We gave the parties an opportunity to file briefs commenting on the impact of *Bruce* on this case.[1] In his brief, Canty concedes that *Bruce* defeats his claim. (Doc. 54, ECF p. 2). Accordingly, Canty's motion for summary judgment will be denied and the Defendants' motion to dismiss will be granted.

Canty urges the court in his brief (Doc. 54) to consider a claim that the deductions, even though legal under *Bruce*, are excessive and prevent him from using the money on other goals. We will not consider this claim as it was not raised in the complaint. *See Holland v. Simon Prop. Grp., Inc.*, 495 F. App'x 270, 273 (3d Cir. 2012)(nonprecedential)("The District Court correctly declined to consider claims . . . asserted for the first time in [a party's] summary judgment opposition brief."); *see also Commonwealth of Pa. ex rel. Zimmeran v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in

---

[1] We also denied the motion to stay as moot.

opposition to a motion to dismiss.").

        An appropriate order follows.


                                    /s/ William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge


Date: May 23, 2016